SKAPIK LAW GROUP
Mark J. Skapik (SBN 164957)
Geralyn L. Skapik (SBN 145055)
Blair J. Berkley (SBN 222293)
Matthew T. Falkenstein (SBN 333302)
5861 Pine Avenue, Suite A-1
Chino Hills, California 91709
Telephone: (909) 398-4404
Facsimile: (909) 398-1883

Attorneys for Plaintiffs Gloria Rodriguez, as successor-in-interest to Miguel Angel Rodriguez, deceased.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA RODRIGUEZ, an individual and as successor-in-interest to Miguel Angel Rodriguez, deceased,<br><br>        Plaintiff,<br><br>   vs.<br><br>CITY OF ONTARIO; DOES 1-10, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force)<br>2. 42 U.S.C. § 1983 (Unreasonable Search and Seizure – Failure to Intervene)<br>3. 42 U.S.C. § 1983 (*Monell* Liability – Unconstitutional Custom, Practice or Policy)<br>4. 42 U.S.C. § 1983 (*Monell* Liability – Failure to Train)<br>5. 42 U.S.C. § 1983 (*Monell* Liability – Ratification)<br>6. Battery (Wrongful Death and Survival Damages)<br>7. Negligence (Wrongful Death and Survival Damages)<br>8. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

1.      Plaintiff GLORIA RODRIGUEZ, individually and as successor in interest to Miguel Angel Rodriguez, deceased, for her complaint against Defendants CITY OF ONTARIO and DOES 1-30, inclusive, alleges as follows:

**INTRODUCTION**

2.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Miguel Angel Rodriguez, Decedent, by members of the Ontario Police Department ("OPD").

**PARTIES**

3.      At all times relevant, Miguel Angel Rodriguez (hereinafter, "DECEDENT"), was an individual residing in the County of San Bernardino, California.

4.      At all relevant times, GLORIA RODRIGUEZ (hereinafter, "PLAINTIFF"), was an individual residing in the County of San Bernardino, California. PLAINTIFF sues in both a representative capacity, as DECEDENT's successor-in-interest, and in her individual capacity. PLAINTIFF seeks both survival and wrongful death damages under both federal and state law.

5.      At all relevant times, Defendant CITY OF ONTARIO ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of DOES 1-8, who were CITY police officers. supervisorial officers. Further, at all times relevant, CITY was the employer of DOES 9-10, who Plaintiff is informed and believes and thereon alleges were managerial, supervisorial, and policymaking employees of the CITY's police department. On information and belief, at all times relevant, DOES 1-10, inclusive, were residents of the County of San Bernardino, California. DOES 1-8 are sued in their individual capacity for damages only. DOES 9-10 are sued in their individual and official capacities.

6.      At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of the CITY, who were acting under color of law within the course

and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

7.     At all times relevant, Defendants DOES 1-10 were duly appointed officers and/or employees or agents of the CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

8.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

9.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every CITY defendant.

10.    The true names of defendants DOES 1-10, inclusive, are unknown to PLAINTIFF, who therefore sues these defendants by such fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

11.    On September 15, 2022, PLAINTIFF served her claim for damages with CITY pursuant to applicable sections of the California Government Code. A copy of this claim has been attached hereto as Exhibit A.

12.    On April 4, 2023, CITY served a notice of rejection of PLAINTIFF's claims for damages. A copy of this rejection notice has been attached hereto as Exhibit B.

## JURISDICTION AND VENUE

13.    This civil action is brought for the redress of the alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

///

///

14.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of San Bernardino, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 14 of this complaint with the same force and effect as though fully set forth herein.

16.     On the evening of May 27, 2022, unknown CITY police officers engaged in a police chase with DECEDENT, who was driving his car.

17.     After some time, DECEDENT stopped driving his car and exited his vehicle near the corner of Kadota Avenue and Ninth Street in the unincorporated area of Pomona, California, in order to surrender to the police officers, including DOES 1-30.

18.     On information and belief, DECEDENT was unarmed while he was trying to surrender.

19.     On information and belief, while DECEDENT was attempting to surrender, one or more officers ordered a K-9 unit to attack and subdue DECEDENT.

20.     On information and belief, the K-9 unit was bringing DECEDENT to the ground while he was trying to surrender.

21.     While he was attempting to surrender, DOES 1-8 discharged their firearms at decedent, striking him at least twenty-two (22) times, causing DECEDENT serious physical injury and eventually killing him.

22.     At the time of the shooting, DECEDENT was unarmed and did not pose an immediate or imminent threat of death or serious physical injury to either DOES 1-8 or any other person. DECEDENT was not about to kill or seriously injure anyone, including any of the involved officers, when he was fatally shot by DOES 1-8.

23.     During the incident it was obvious, or it should have been obvious to an objectively reasonable officer, that DECEDENT was unarmed and did not pose a threat to anyone in his immediate vicinity, and in fact was trying to surrender.

24.     On information and belief, the involved officers did not give DECEDENT any verbal warnings that deadly force would be used before using deadly force against him.

25.     There were other reasonable alternatives available to the involved deputies which were not exhausted prior to using deadly force against DECEDENT. Further, the involved deputies escalated the situation which lead to the use of deadly force against DECEDENT.

# I.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

(By Plaintiff against DOES 1-8, inclusive)

26.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 22 of this complaint with the same force and effect as though fully set forth herein.

27.     DOES 1-8's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28.     The unreasonable use of force by Defendants DOES 1-8 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29.     As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity. PLAINTIFF has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. PLAINTIFF is also claiming funeral and burial expenses and a loss of financial support.

30.     As a result of the conduct of DOES 1-8, they are liable for Decedent's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

31.     This use of deadly force was excessive and unreasonable under the circumstances, especially since it should have been obvious that DECEDENT was unarmed and was not a threat to any one and had his hands up when he was fatally shot approximately twenty-two (22) times by the involved officers. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth amendment and applied to state actors by the Fourteenth Amendment.

32.     The conduct of DOES 1-8 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-8.

33.     PLAINTIFF brings this claim as successor-in-interest to the DECEDENT and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

34.     Plaintiff also seeks attorney fees under this claim.

## II.

## SECOND CLAIM FOR RELIEF

## 42 U.S.C. § 1983 – Unreasonable Search and Seizure (Failure to Intervene)

(By PLAINTIFF against DOES 1-8)

35.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 34 of this complaint with the same force and effect as though fully set for the herein.

36.     DOES 1-8's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

///

37.    The unreasonable use of force by Defendants DOES 1-8 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38.    As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity. PLAINTIFF has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. PLAINTIFF is also claiming funeral and burial expenses and a loss of financial support.

39.    As a result of the conduct of DOES 1-8, they are liable for Decedent's injuries because they failed to intervene to prevent these violations.

40.    This use of deadly force was excessive and unreasonable under the circumstances, especially since it should have been obvious that DECEDENT was unarmed and was not a threat to any one and had his hands up when he was fatally shot approximately twenty-two (22) times by the involved officers. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth amendment and applied to state actors by the Fourteenth Amendment.

41.    The conduct of DOES 1-8 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-8.

42.    PLAINTIFF brings this claim as successor-in-interest to the DECEDENT and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

43.    Plaintiff also seeks attorney fees under this claim.

///

///

///

## III.

## THIRD CLAIM FOR RELIEF

**Municipal Liability - Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

**(By PLAINTIFF against CITY and DOES 9-10, inclusive)**

44.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 43 of this complaint with the same force and effect as though fully set for the herein.

45.     When DOES 1-8, inclusive, fired their weapons at DECEDENT while he was unarmed, surrendering, and no threat to any other person, they acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

46.     DOES 1-8, inclusive, acted under color of state law and within the course and scope of their employment when they intentionally shot and killed DECEDENT without there being an immediate threat of death or serious bodily injury, thereby using excessive and unreasonable force against DECEDENT. At all relevant times, DECEDENT was unarmed and surrendering. DECEDENT did not verbally threaten any person or officer, and did not harm any person or officer.

47.     DOES 1-8, inclusive, acted pursuant to an expressly adopted policy or longstanding practice or custom of the Defendant CITY.

48.     On information and belief, DOES 1-8, inclusive, were not disciplined, reprimanded, retrained, provided additional training, suspended, or otherwise penalized in connection with the deprivation of PLAINTIFF'S or DECEDENT'S rights.

49.     DEFENDANT CITY, together with DOES 9-10, inclusive, and other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

///

///

a. Using excessive and objectively unreasonable force, including deadly force on unarmed persons who do not pose a risk of immediate death or serious bodily injury to others.

b. Providing inadequate training regarding the use of force, including the use of less-lethal force, and deadly force.

c. Providing inadequate training regarding the use of force for restraint.

d. Employing and retaining as Deputies, individuals such as the DOES 1-8, inclusive, who upon information and belief, DEFENDANT CITY at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force.

e. Inadequately supervising, training, controlling, assigning, and disciplining CITY law enforcement officers, and other personnel, including DOES 1-8, inclusive, who CITY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits.

f. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by law enforcement officers of the CITY.

g. Announcing that unjustified uses of force are "within policy," including uses of force that were later determined in court to be unconstitutional.

h. Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the Deputies involved.

i. Failing to adequately discipline CITY law enforcement officers for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

j. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence,"

pursuant to which officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

k.  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of law enforcement excessive uses of force, including failing to discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in using excessive force on unarmed people.

l.  Otherwise covering up police misconduct.

50.  On information and belief, the CITY has deficient policies with respect to the use of force. As a result of these deficient polices, DOES 1-8, inclusive, used excessive and deadly force on DECEDENT resulting in the injuries claimed in this lawsuit.

51.  CITY, together with DOES 9-10, inclusive, and various other officials, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, CITY and DOES 9-10 condoned, tolerated and through actions and inactions thereby ratified such policies. CITY and DOES 9-10 also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT and other individuals similarly situated.

52.  By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, CITY and DOES 9-10, inclusive, acted with intentional, reckless, and callous disregard for DECEDENT's and PLAINTIFF's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by CITY and DOES 9-10, inclusive were affirmatively linked to and were a significantly influential force behind DECEDENT'S injuries.

///

53.     By reason of the aforementioned acts and omissions, and as a direct and proximate result of the aforementioned unconstitutional policies and customs, DECEDENT endured substantial pain and suffering.

54.     The acts of each of CITY and DOES 9-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 9-10, inclusive.

55.     Accordingly, DEFENDANTS CITY and DOES 9-10, inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

56.     PLAINTIFF brings this claim as successor-in-interest to DECEDENT. PLAINTIFF also seeks reasonable attorneys' fees and costs under this claim.

**IV.**

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability for Failure to Train (42 U.S.C. § 1983)**

**(By PLAINTIFF against CITY and DOES 9-10, inclusive)**

57.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 56 of this complaint with the same force and effect as though fully set for the herein.

58.     At all relevant times, DOES 1-8, inclusive, acted under color of law and within the course and scope of their employment with the CITY.

59.     The acts of DOES 1-8, inclusive, as described herein, deprived DECEDENT and PLAINTIFF of their particular rights under the United States Constitution, including when they intentionally beat DECEDENT without justification, causing significant injuries.

60.     On information and belief, DEFENDANT CITY failed to properly and adequately train the DOES 1-8, inclusive, including with regard to the use of physical force generally. The training policies of DEFENDANTS CITY and its policymakers,

///

including any DOE policymakers, were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

61.     On information and belief, the CITY failed to properly train their deputies regarding the use of force. As a result of this deficient policy and deficient training, the officer defendants used unlawful deadly force against DECEDENT, resulting in the injuries claimed in this lawsuit and ultimately resulting in DECEDENT's death.

62.     The training policies of DEFENDANT CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, tactical communication, tactical positioning, and the use of less than lethal force.

63.     DEFENDANT CITY and DOES 9-10, inclusive were deliberately indifferent to the obvious consequences of its failure to train their officers adequately.

64.     The failure of DEFENDANT CITY and DOES 9-10, inclusive to provide adequate training caused the deprivation of PLAINTIFF'S and DECEDENT'S rights by DOES 1-8, inclusive; that is, DEFENDANTS' failure to train is so closely related to the deprivation of PLAINTIFF'S and DECEDENT'S rights as to be the moving force that caused the ultimate injury.

65.     As a direct and proximate result of the aforementioned conduct, DECEDENT endured severe pain and suffering, and ultimately died as a result of the excessive and unconstitutional deadly force used by DOES 1-8.

66.     Accordingly, DEFENDANT CITY and DOES 9-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

67.     PLAINTIFF brings this claim as successor-in-interest to DECEDENT. PLAINTIFF also seeks reasonable attorneys' fees and costs under this claim.

///

///

///

///

# V.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability- Ratification (42 U.S.C. § 1983)

### (By PLAINTIFF against CITY and DOES 9-10, inclusive)

68.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 67 of this complaint with the same force and effect as though fully set for the herein.

69.     At all relevant times, the DOES 1-8, inclusive, acted under color of law and within the course and scope of their employment with the CITY.

70.     The acts of DOES 1-8, inclusive, as described herein, deprived DECEDENT and PLAINTIFF of their particular rights under the United States Constitution, including when they intentionally beat DECEDENT without justification.

71.     Upon information and belief, a final policymaker, acting under color of law, potentially one or more of DOES 9-10, inclusive, has a history of ratifying the unconstitutional and unreasonable uses of force.

72.     Upon information and belief, a final policymaker for the CITY, potentially one or more of DOES 9-10, inclusive, acting under color of law, who had final policymaking authority concerning the acts of DOES 1-8, inclusive, and the bases for them, ratified the acts and omissions of DOES 1-8, inclusive, and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of DEFENDANTS' acts, specifically approving the DOES 1-8, inclusive, excessive and deadly force in the shooting of the unarmed DECEDENT when he was not an immediate threat of death or serious bodily injury.

73.     On information and belief, the official policies with respect to the incident are that Deputies are not to use excessive force against an individual. DOES 1-8's actions deviated from these official policies. DECEDENT did not pose an immediate threat of death or serious bodily injury to the involved Deputies or anyone else.

///

74.     Upon information and belief, a final policymaker(s) has determined (or will determine) that the acts of DOES 1-8, inclusive, were "within policy."

75.     By reason of the aforementioned acts and omissions, DEFENDANTS CITY and DOES 9-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

76.     PLAINTIFF brings this claim as successor-in-interest to DECEDENT. PLAINTIFF also seeks reasonable attorneys' fees and costs under this claim.

## VI.

### SIXTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820)**

(Survival and Wrongful Death)

(Against All Defendants)

77.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 76 of this complaint with the same force and effect as if fully set forth herein.

78.     DOES 1-8, while working as police officers for the CITY's police department, and acting within the course and scope of their duties, intentionally shot DECEDENT approximately twenty-two (22) times. As a result of the actions of DOES 1-8, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. DOES 1-8 had no legal justification for using force against DECEDENT and said defendants' use of force while carrying out their officer duties was an unreasonable use of force.

79.     As a direct and proximate result of defendants' conduct as alleged above, PLAINTIFF suffered extreme and severe mental anguish and pain and has been injured in mind and body. PLAINTIFF has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of her son, DECEDENT, and will continue to be so deprived for the remainder of her natural life. PLAINTIFF is also claiming funeral and burial expenses.

///

80.     CITY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

81.     The conduct of DOES 1-8 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF and DECEDENT, entitling PLAINTIFF, individual and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages.

82.     PLAINTIFF brings this claim both individually and as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim.

**VII.**

**SEVENTH CLAIM FOR RELIEF**

**Negligence (Cal. Govt. Code § 820)**

(Survival and Wrongful Death)

(Against All Defendants)

83.     PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 82 of this complaint with the same force and effect as though fully set forth herein.

84.     The actions and inactions of the defendants were negligent and reckless, including, but not limited to:

     a.  The failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

     b.  The negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

     c.  The negligent detention and use of force, including deadly force, against DECEDENT;

     d.  The failure to summon and provide prompt medical care to DECEDENT;

e.  The failure of DOES 9-10 to properly train and supervise employees, both professional and non-professional, including DOES 1-8;

f.  The failure to ensure that adequate numbers of employees with the appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

g.  The negligent handling of evidence and witnesses.

85.  As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also, as a direct and proximate result of defendants' conduct as alleged above, PLAINTIFF suffered extreme and severe mental anguish and pain and has been injured in mind and body. PLAINTIFF has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. PLAINTIFF is also claiming funeral and burial expenses.

86.  CITY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

87.  PLAINTIFF brings this claim both individually and as successor in interest to DECEDENT and seeks both wrongful death damages and survival damages under this claim.

## VIII.

## EIGHTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(By PLAINTIFF Against All Defendants)

88.  Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 87 of this complaint with the same force and effect as though fully set for the herein.

89.     California Civil Code § 52.1 (the Bane Act) prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

90.     Conduct that violates the Fourth Amendment can also amount to conduct that violates the Bane Act.

91.     Defendants DOES 1-8 use of deadly force was excessive and unreasonable under the circumstances, especially since it should have been obvious to the involved officers that DECEDENT was unarmed and not an immediate threat to any of them. DECEDENT did not pose an imminent threat of death or serious bodily injury towards any person when he was fatally shot approximately twenty-two (22) times. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures and to be free from having unreasonable and excessive force used against him. Further, the involved officers acted with a reckless disregard of constitutional and statutory rights of the DECEDENT, including the right to be free from having unreasonable and excessive deadly force used against him.

92.     DOES 1-8, while working as police officers for the CITY's police department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

93.     On information and belief, DECEDENT reasonably believed that if he exercised his rights, including his civil rights, DOES 1-8 would commit acts involving violence, threats, coercion, or intimidation against him or his property.

94.     On information and belief, Defendant DOES 1-8 injured DECEDENT to prevent him from exercising his rights or retaliated against DECEDENT for having exercised his rights.

///

95.     DECEDENT was caused to suffer extreme pain and suffering and eventually suffered loss of life and earning capacity. PLAINTIFF has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. PLAINTIFF is also claiming funeral and burial expenses and a loss of financial support.

96.     The conduct of DOES 1-10 was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and PLAINTIFF.

97.     CITY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries caused by its employees within he scope of the employment if the employee's act would subject him or her to liability.

98.     The conduct of DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling PLAINTIFF to an award of exemplary and punitive damages.

99.     PLAINTIFF brings this claim in a representative capacity as the successor-in-interest to the DECEDENT, and seeks survival damages for the violation of DECEDENT's rights. PLAINTIFF also seeks attorney fees under this claim.

///
///
///
///
///
///
///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests an entry of judgment in her favor and against Defendants CITY OF ONTARIO and DOES 1-10, inclusive, as follows:

A. For Compensatory damages, including both survival damages and wrongful death damages under state law, in the amount to be proven at trial;

B. For funeral and burial expenses;

C. For civil penalties pursuant to California Civil Code § 52.1;

D. For punitive damages against the individual defendants in an amount to be proven at trial;

E. For interest;

F. For reasonable costs of this suit and attorneys' fees; and

G. For such other further relief as the Court may deem just, proper, and appropriate.

SKAPIK LAW GROUP

Dated: September 26, 2023          By:     */s/ Matthew T. Falkenstein*
                                            Mark J. Skapik
                                            Geralyn L. Skapik
                                            Blair J. Berkley
                                            Matthew T. Falkenstein
                                            Attorneys for Plaintiffs

# **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

SKAPIK LAW GROUP

Dated: September 26, 2023                     By:     */s/ Matthew T. Falkenstein*
Mark J. Skapik
Geralyn L. Skapik
Blair J. Berkley
Matthew T. Falkenstein
Attorneys for Plaintiffs